**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JOEL BARSALEAU, | : |
| | : CASE NO. 16-cv-1597 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| COVENANT VILLAGE OF CROMWELL, | : |
| | : |
| Defendant. | : SEPTEMBER 21, 2016 |
| | : |

**NOTICE OF REMOVAL**

TO:   THE UNITED STATES DISTRICT COURT FOR THE
      DISTRICT OF CONNECTICUT

Defendant Covenant Village of Cromwell ("defendant" or "Covenant Village") hereby notices the removal of this action to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, based on federal question jurisdiction. Removal is appropriate in light of the following:

1. On or about August 25, 2016, plaintiff Joel Barsaleau ("plaintiff") filed a civil action against defendant in the Superior Court of Connecticut, Judicial District of Hartford, designated as Docket No. HHD-CV16-6070986-S. A copy of the Summons, Complaint and Claim for Relief are attached hereto as Exhibit A, pursuant to 28 U.S.C. § 1446(a). This is the only process, pleadings and orders known by defendant to have been served in this action to date.

2. Defendant first received notice of the civil action on or about August 26, 2016, when process was served.

3. Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within thirty (30) days after defendant was first notified of the lawsuit.

4. The Superior Court of Connecticut, Judicial District of Hartford, is located within the District of Connecticut. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. In his Complaint, plaintiff purports to allege claims for disability-based discrimination and wrongful termination in violation of the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. §§ 46a-60, *et seq.* (First Count); age-based discrimination and wrongful termination in violation of CFEPA (Second Count); retaliation in violation of CFEPA (Third Count); age-based harassment in violation of CFEPA (Fourth Count); disability-based harassment in violation of CFEPA (Fifth Count); disability-based discrimination and wrongful termination in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.* (Sixth Count); age-based discrimination and wrongful termination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.* (Seventh Count); retaliation in violation of the ADA (Eighth Count); retaliation in violation of the ADEA (Ninth Count); age-based harassment in violation of the ADEA (Tenth Count); and disability-based harassment in violation of the ADA (Eleventh Count).

6. This action is properly removable because the United States District Court has original federal question-based jurisdiction, pursuant to 28 U.S.C. § 1331, over the Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Counts of plaintiff's Complaint, seeking relief under the ADA and the ADEA, federal statutes. 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7. This Court has supplemental jurisdiction over the First, Second, Third, Fourth, and Fifth Counts of plaintiff's Complaint, alleging state law claims, pursuant to 28 U.S.C. § 1367,

which provides that "…in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." All of plaintiff's claims against defendant are based on the same core factual allegations. Indeed, the facts alleged in the First Count are incorporated by reference, and therefore form the basis of, all remaining counts. Thus, the ADA and ADEA claims alleged in the Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Counts clearly arise from the same events underlying the state law claims alleged in the First, Second, Third, Fourth, and Fifth Counts. Accordingly, this Court has supplemental jurisdiction over plaintiff's state law claims.

8. Defendant has not appeared or filed a responsive pleading in the State Court action and no other proceedings have transpired in that forum.

9. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal have been served on all adverse parties and upon the Clerk of the State Court.

10. By removing this matter, defendant does not waive or intend to waive any available defenses.

**WHEREFORE,** defendant respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of Connecticut, Judicial District of Hartford, to the United States District Court for the District of Connecticut.

Respectfully submitted,

DEFENDANT,
COVENANT VILLAGE OF CROMWELL


By: */s/ Caroline B. Park*
    Lawrence Peikes (ct07913)
    lpeikes@wiggin.com
    Caroline B. Park (ct29049)
    cpark@wiggin.com
    WIGGIN AND DANA LLP
    Its Attorneys
    Two Stamford Plaza
    281 Tresser Boulevard
    Stamford, Connecticut 06901
    P:  (203) 363-7600
    F:  (203) 363-7676

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2016, a copy of the foregoing Notice of Removal was served electronically and by first-class U.S. mail, postage prepaid, on the following counsel of record:

James V. Sabatini, Esq.
Sabatini and Associates, LLC
One Market Square
Newington, CT 06111
*Attorneys for Plaintiff*

      */s/ Caroline Park*
      Caroline B. Park

11768\4\3539988.v1

5